IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| CARMEN SOTO, | : : : : : : : : : : : : : : : : : : : | Docket No.: CIVIL ACTION |
| Plaintiff, | | |
| v. | | |
| NEWREZ, LLC. d/b/a SHELLPOINT MORTGAGE SERVICING as Attorney in Fact for THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2004-J8, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-J8; BAYVIEW LOAN SERVICING | | |

## COMPLAINT

Plaintiff, CARMEN SOTO, residing at 159-161 Montclair Avenue, Newark, New Jersey 07104 alleges as follows**:**

## INTRODUCTION

This is a civil action brought by Plaintiff due to the false and misleading business practices of Defendants. Defendants, NEWREZ, LLC. d/b/a SHELLPOINT MORTGAGE SERVICING as Attorney in Fact for THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2004-J8, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-J8., AND BAYVIEW LOAN SERVICING also known as "Servicer" or

1

"Servicers," utilize unfair, deceptive practices including (1) offering a loan modification but not finalizing and making permanent the last loan modification offer presented; (2) accepting payments on the modified loan while not making permanent the loan modification; (3) requiring that another individual (Cesar Castillo) sign off on the modification when the first offer for modification did not contain this requirement; and (4) not providing another option to this signature requirement since Mr. Castillo's whereabouts are unknown.

The United States Congress enacted the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C.S. §§ 1692 to -1692o, in 1968 to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. 15 U.S.C.S. § 1692(e). **FDCPA**'s purpose is to protect consumers from a host of unfair, harassing, and deceptive debt collection practices. Designed to have a broad remedial scope, the Act protects consumers, or natural persons obligated to pay any debt, 15 U.S.C.S. § 1692a(3), by creating procedural mandates for debt collection and prohibiting objectionable debt collection practices. Notably, the **FDCPA** prohibits a debt collector from, among other conduct, using any **false**, deceptive, or misleading representation or means in connection with the collection of any debt, 15 U.S.C.S. § 1692e, and using unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. § 1692f.

## **DEFINITIONS**

The term "consumer," as used in this Complaint means any natural person obligated or allegedly obligated to pay any debt, as "debt" is defined in Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5). For the purpose of Section 805(b), Section 805 of the FDCPA defines the term

"consumer" to include "the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator."

Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce." Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

At all times, Defendants have maintained substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act 15 U.S.C. § 44.

A "communication" is deceptive for purposes of the FDCPA if "it can be reasonably read to have two or more different meanings, one of which is inaccurate, viewed from the perspective of the least sophisticated consumer." *Reed v. Pinnacle Credit Services, LLC*, Civ. A. No. 09-544, 2009 U.S. Dist. LEXIS 70566, 2009 WL 2461852, at *4 (E.D. Pa. Aug. 11, 2009) (quotation omitted).

**PARTIES**

Plaintiff, CARMEN SOTO, is the sole owner of the property located at 159-161 Montclair Avenue, Newark, New Jersey 07104, which is the subject property of a Loan Modification Agreement. Plaintiff is also referred to as "Borrower," "Consumer," whereas Plaintiff invokes the protection of the consumer protection laws and under the FDCPA.

Defendant, NEWREZ, LLC. d/b/a SHELLPOINT MORTGAGE SERVICING is a licensed mortgage servicing company that services home mortgage loans secured by residential properties. It is a Limited Liability Company with its principal place of business located at 55 BEATTIE PLACE, SUITE 110, GREENVILLE, SC 29601 and conducts business through the United States and the state of New Jersey. As a mortgage servicer, it is subject to specific federal

laws and administrative regulations governing its mortgage serving activities. These laws and regulations include, but are not limited to, the FDCPA and state consumer protection laws. Defendant is a "debt collector" as defined in Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2004-J8, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-J8 is a licensed mortgage servicing company that services home mortgage loans secured by residential properties. It is a Company with its principal place of business located at 240 Greenwich Street, New York, NY 10286, and conducts business through the United States and the state of New Jersey. As a mortgage servicer, it is subject to specific federal laws and administrative regulations governing its mortgage serving activities. As a mortgage servicer, it is subject to specific federal laws and administrative regulations governing its mortgage serving activities. These laws and regulations include, but are not limited to, the FDCPA and state consumer protection laws. Defendant is a "debt collector" as defined in Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

This Court has personal jurisdiction over Defendants because Defendants, itself or through its agents and subsidiaries, transacted business in this District, and because Defendants, itself or through its agents and subsidiaries, have committed the acts proscribed by the Complaint.

This Court has subject-matter jurisdiction over this action because it is brought under the Real Estate Settlement and Procedures Act (Regulation X), Title 12, part 1024 of the Code of Federal Regulations, which amendments implemented the Dodd-Frank Wall Street Reform and Consumer

4

Protection Act provisions regarding mortgage loan servicing.

Venue is proper in this district under 28 U.S.C. § 1391(b) because Defendants do business in this district and part of the events giving rise to the claims took place in this district.

In addition to inherent authority, declaratory relief is available under the Declaratory Judgment Act whenever there is a case of actual controversy, and regardless of whether the Plaintiff seeks any other relief. 28 U.S.C. §§ 2201, 2202.

## GENERAL FACTUAL ALLEGATIONS

1. Plaintiff, Carmen Soto, ("Plaintiff Soto") first purchased the property located at 159-161 Montclair Avenue, Newark, New Jersey on April 27, 2004.

2. Plaintiff Soto was approved for a loan modification and signed a Loan Modification Agreement with servicer Bayview Loan Servicing ("Bayview") for loan number 0579481002.

3. Bayview only required the signature of Plaintiff Soto on the loan paperwork as she was the sole owner of the property.

4. By signing the Loan Modification Agreement with Bayview, Plaintiff Soto accepted the terms of the loan modification and awaited further action from Bayview to finalize the loan modification.

5. After some considerable delay, on May 26, 2021, Plaintiff received written notice from Defendant, Shellpoint Mortgage Servicing ("Defendant Shellpoint") that she had been approved for the loan modification for loan number 0579481002. This was the first notification that Defendant Shellpoint was now the servicer of her loan modification.

6. However, Defendants changed the terms of the agreement and now the paperwork

5

required the signature of her ex-husband, Cesar Castillo, as a non-obligor.

7. Mr. Castillo was not on the deed of the property and has never shared in any ownership of the property. Further, Mr. Castillo has been deported from the United States due to his undocumented status. His whereabouts are now unknown to Plaintiff Soto.

8. Defendants have refused to offer Plaintiff Soto any other option to receive the loan modification other than to provide the signature of Mr. Castillo. Clearly, she has been unable to do so.

9. Defendants have refused to make permanent the modifications to the loan that were agreed to and signed for by Plaintiff Soto.

10. As a result, Plaintiff Soto has been unable to secure the loan modification under the terms that were originally agreed to by the parties.

11. Notwithstanding, Defendants have continued to accept payments on the modified loan while not making permanent the loan modification.

12. Defendants have engaged in unfair and deceptive acts and practices in connection with the loan modification servicing, including:

    a. offering a loan modification but not finalizing and making permanent the last loan modification offer presented;

    b. accepting payments on the modified loan while not making permanent the loan modification;

    c. requiring that another individual (Cesar Castillo) sign off on the modification when the first offer for modification did not contain this requirement; and

    d. not providing another option to this signature requirement since Mr. Castillo's whereabouts are unknown.

13. As a result, Defendant's misconduct has resulted in damages to Plaintiff.

14. Defendants have also failed to respond to Plaintiff Soto's Notice of Error and Request for Information served upon them on February 7, 2022.

15. Under the States' consumer protection laws, Defendant is prohibited from engaging in unfair or deceptive practices with respect to consumers.

16. Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), and Section 814(a) of the FDCPA, 15 U.S.C. § 1692l(a), authorize the Court to award monetary civil penalties for violations of the FDCPA when such violations were committed with actual knowledge or knowledge fairly implied on the basis of objective circumstances as set forth in Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A). The maximum penalty amount wasadjusted from $16,000 to $40,000 per violation as of August 1, 2016, pursuant to the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015, Pub. L. 114-74 § 701 (further amending the Federal Civil Penalties Inflation Adjustment Act of 1990), and Federal Trade Commission Rule 1.98, 16 C.F.R. § 1.98, 81 Fed. Reg. 42,476 (June 30, 2016).

## COUNT I
## VIOLATIONS OF THE NEW JERSEY CONSUMER FRAUD ACT

17. Plaintiff re-alleges and incorporates by reference the allegations in Paragraphs 1 through 15 above.

18. The loan servicing conduct of Defendants, as described above, constitutes unfair or deceptive practices in violation of the consumer protection laws of the State.

19. Defendants' unlawful conduct has resulted in injury to Plaintiff and to the citizens of the States who have had residential home loans, like Plaintiff's, whose mortgage is

serviced by Defendants.

20. The harm to the States includes the subversion of the legal processes and the sustained violations of laws.

21. Defendants offered a loan modification but failed to finalize and make permanent the last loan modification offer presented.

22. Defendants have accepted payments on the modified loan while not making permanent the loan modification.

23. Defendants have required that another individual sign off on the modification when the first offer for modification did not contain this requirement; and without providing another option to this signature requirement since Mr. Castillo's whereabouts are unknown.

24. Defendants unilaterally refuse to perform in good faith.

WHEREFORE, Plaintiff demands a trial by jury, an entry of judgment in the entire amount of damages to be determined at trial, statutory damages, together with an award of attorney's fees and litigation costs, as well as:

    a)     To obtain injunctive relief for the finalizing of the loan modification process;

    b)     Restitution and refunds;

    c)     Disgorgement;

    d)     civil monetary penalties; and

    e)     Other relief for the Defendants' violations of Federal consumer financial law

## **DEMAND FOR TRIAL BY JURY**

Plaintiff demands trial by jury on all claims so triable.

**ALSAIDI CHANG HAMDAN**
*Attorneys for Plaintiff*

Dated: March 31st, 2022         BY: */s/ Joseph A. Chang*
                                JOSEPH A. CHANG